**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALLACE T. LEARY,** **Petitioner,** v. **JOHN KERESTES,** ***et al.*****,** **Respondents.** | : | **CIVIL ACTION** **NO. 10-5541** |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.** **November 9, 2011**

Before the Court are Petitioner's Objections to the Report and Recommendation of United States Magistrate Judge David R. Strawbridge. After a careful and independent review of the Report and Recommendation,[1] Petitioner's Objections,[2] and the entire record in this case, and for the reasons that follow, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition.

## I. BACKGROUND

On July 9, 2004, Petitioner Wallace T. Leary was involved in a home invasion during which he struck the resident of the home with a small sledge hammer and fled the scene, crashing his vehicle as he did so.[3] On May 3, 2005, Petitioner pled guilty to burglary, robbery, aggravated assault, disorderly conduct, accidents involving damage to an unattended vehicle, and displaying

[1] Report and Recommendation ("R&R"), Doc. No. 8.

[2] Petitioner's Objections ("Objections"), Doc. No. 15.

[3] Opinion Sur Appeal, Court of Common Pleas of Lancaster County, Judge James P. Cullen, No. 3899-2004, Doc. No. 7, Ex. B at 1.

an obscured license plate.[4] On July 1, 2005, following a hearing, the Honorable James P. Cullen of the Court of Common Pleas of Lancaster County sentenced Petitioner to concurrent terms of incarceration of not less than ten years, but not more than twenty, for the offenses of robbery, burglary, and aggravated assault, and to one year of probation for the disorderly conduct charge. He further ordered Petitioner to pay costs associated with the charge for accidents involving damage to the unattended vehicle, and to pay $25 for the offense of having an obscured license plate.[5] The sentence of incarceration was imposed based on a mandatory minimum sentence of ten years under 42 Pa. Cons. Stat. § 9714(a)(1), Pennsylvania's habitual offender statute, and a deadly weapon enhancement pursuant to 204 Pa. Code § 303.10.[6]

On August 3, 2005, Petitioner filed a timely notice of appeal with the Pennsylvania Superior Court, arguing that the habitual offender statute should not have been applied because his 32-year-old prior conviction was too old to be a "previous crime of violence" under the statute.[7] Although the Superior Court granted Petitioner's motion for reconsideration, it ultimately re-affirmed the judgment of the Court of Common Pleas and upheld the original sentence.[8] On March 26, 2007, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.[9]

---

[4] Id.

[5] Id. at 3.

[6] Id. at 2-3. Petitioner objected to both the mandatory minimum sentence and the deadly weapon enhancement.

[7] Id. at 3.

[8] Commonwealth v. Leary, 1254-MDA-2005 (Pa. Super. Ct. 2005), Doc. No. 7, Ex. D at 13.

[9] Commonwealth v. Leary, 919 A.2d 955 (Pa. 2007), Doc. No. 7, Ex. E.

On February 26, 2008, Petitioner filed a timely *pro se* motion for collateral relief under the Post Conviction Relief Act[10] ("PCRA"), and after appointment of new counsel, asserted two claims of ineffective assistance of counsel (one relating to counsel's advice to plead guilty, the other relating to counsel's representation at sentencing) and a claim challenging the constitutionality of his sentence in that it violated the *Ex Post Facto* and Due Process Clauses of the United States and Pennsylvania Constitutions.[11] On June 29, 2009, the PCRA Court granted the PCRA petition in part, vacating Petitioner's concurrent sentences for burglary and aggravated assault.[12] The PCRA Court denied the petition in all other respects; Petitioner's conviction was not overturned and the mandatory minimum sentence of ten years on the robbery offense remained unaltered.[13] On July 10, 2009, Petitioner appealed these aspects of the decision to the Pennsylvania Superior Court.[14] The Superior Court affirmed the decision on April 14, 2010,[15] and the Pennsylvania Supreme Court decline to review the appeal.[16]

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus with this Court on October 19, 2010. The Court referred the case to the Honorable David R. Strawbridge, United States

---

[10] 42 Pa. Cons. Stat. §§ 9541-9546.

[11] Commonwealth v. Leary, 3899-2004, Doc. No. 7, Exs. F and H.

[12] Commonwealth v. Leary, 3899-2004, Doc. No. 7, Ex. I.

[13] Id.

[14] Doc. No. 7, Ex. J.

[15] Commonwealth v. Leary, 1191-MDA-2009 (Pa. Super. Ct. 2009), Doc. No. 7, Ex. L.

[16] Commonwealth v. Leary, 8 A.3d 343 (Pa. Sept. 16, 2010) (Table), Doc. No. 7, Ex. M.

Magistrate Judge, for a report and recommendation.[17] On April 19, 2011, Judge Strawbridge filed a Report and Recommendation ("R&R") finding that the ten-year mandatory minimum sentence imposed on the robbery offense pursuant to 42 Pa. Cons. Stat. § 9714 did not violate Petitioner's due process rights, and that his counsel was not ineffective for failing to challenge his sentence on this ground nor for failing to raise the meritless defense of justification instead of advising Petitioner to plead guilty.[18] After being granted several extensions of time in which to file objections, Petitioner filed Objections to the R&R on August 12, 2011.

Petitioner submits three objections to the R&R: (1) "The conviction was obtained and the sentence was imposed in violation of the right to effective assistance of counsel;" (2) "Cumulative errors made by counsel must be considered in evaluating the ineffective assistance of counsel claim;" and (3) "The Superior Court's fact findings of fact [sic] and conclusions of law are unreasonable as opposed to being merely wrong."[19] By letter dated August 17, 2011, Respondents informed the Court that they did not intend to file a response to Petitioner's Objections.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996[20] ("AEDPA"), governs habeas petitions like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody

---

[17] Doc. No. 2.

[18] Doc. No. 8.

[19] Objections at 4, 8, 10.

[20] 28 U.S.C. § 2254.

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[21] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[22]

Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[23]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[24] A decision is an "unreasonable application of" clearly established law if "the state court identifies the correct

---

[21] § 2254(a).

[22] 28 U.S.C. § 636(b)(1).

[23] § 2254(d).

[24] Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[25] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[26] Rather, the application of clearly established law must be "objectively unreasonable."[27]

## III. DISCUSSION

In his Objections, Petitioner correctly sets forth the standard above and argues that the Superior Court's decision was "objectively unreasonable" because it reached the incorrect conclusion with respect to his due process challenge to 42 Pa. Cons. Stat. § 9714 and to his claims of ineffective assistance of counsel.

### A. Mandatory Minimum Ten-Year Sentence

Petitioner asserts that the Superior Court's decision upholding the application of the ten-year mandatory minimum sentence under 42 Pa. Cons. Stat. § 9714 was an unreasonable application of clearly established federal law. According to Petitioner, the application of this mandatory minimum violates the U.S. Constitution's prohibition of *ex post facto* laws and violates traditional notions of fundamental fairness. The Court disagrees.

#### 1. Section 9714 as an *Ex Post Facto* Law

Article I, Section 10 of the Constitution prohibits the passage of any "ex post facto" laws. An *ex post facto* law is any law that "retroactively alter[s] the definition of crimes or increases

---

[25] Id. at 75 (quoting Williams, 529 U.S. at 413).

[26] Id.

[27] Id.

the punishment for criminal acts."[28] Title 42, Pennsylvania Consolidated Statutes, Section 9714 provides:

> Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.[29]

Although Section 9714 increases the punishment for a criminal act, it does not do so retroactively, nor does it alter the definition of a crime. Section 9714 was last amended on December 20, 2000. The robbery which served the basis for Petitioner's conviction here occurred on July 9, 2004, over three years *after* the effective date of the amendment. While commission of Petitioner's "previous crime of violence" (his 1973 robbery conviction) occurred before the 2000 amendment, Section 9714 does not increase the punishment for that crime, it only increases the punishment for the 2004 robbery conviction, which, as stated, occurred after the amendments came into effect. Thus, Section 9714 is not an *ex post facto* law.[30]

2. Section 9714 as a Violation of Fundamental Fairness

Petitioner contends that the use of his thirty-two-year-old robbery conviction as a basis

---

[28] Cal. Dep't of Corrs. v. Morales, 514 U.S. 499, 504 (1995).

[29] 42 Pa. Cons. Stat. § 9714(a)(1).

[30] See United States v. Fleming, 29 F. App'x 871, 873-74 (3d Cir. 2002) ("Prior to October 30, 1998, § 2252(b)(2) provided that a person who violated § 2252(a)(4) and had a prior conviction 'relating to the possession of child pornography,' could receive an enhanced sentence of 'not less than 2 years nor more than 10 years.' 18 U.S.C. § 2252(b)(2). In 1985, Fleming confessed to sodomizing a 10 year old boy and pled guilty to 'Sodomy in the First Degree,' in state court in Delaware. However, that conviction would not have justified an enhancement to his current sentence because it was obviously not a conviction 'relating to the possession of child pornography.' However, that enhancement was amended as of October 30, 1998. The amended provision allows for a maximum sentence of 10 years under § 2252(a)(4) when a defendant has a prior conviction 'relating to . . . abusive sexual conduct involving a minor . . . .' Fleming was arrested on February 5, 1999, after that amendment became effective. He is therefore subject to 10 year maximum sentence, and the district court properly imposed a sentence that did not exceed that statutory maximum.").

for a sentencing enhancement violates principles of "fundamental fairness" encompassed within due process principles. However, Petitioner's ten to twenty year sentence falls within the statutory limits for his conviction of robbery as a first-degree felony and is therefore facially valid.[31] Further, as Judge Strawbridge recognized, Petitioner has not cited any authority for his contention that a conviction becomes "stale" after a certain period of time and therefore can no longer be used as a "prior conviction" for the purpose of applying a sentencing enhancement.[32] The Court is therefore unable to conclude that the use of Petitioner's thirty-two-year-old conviction to enhance his sentence is fundamentally unfair.

**B. Ineffective Assistance of Counsel**

It is well established that ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established in Strickland v. Washington.[33] Under Strickland, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[34] The first prong requires a showing "that counsel made errors so serious that counsel

---

[31] See 18. Pa. Cons. Stat. § 1103 ("Except as provided in 42 Pa. C. S. § 9714 . . . a person who has been convicted of a felony may be sentenced to imprisonment as follows: (1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years. . . ." 18. Pa. Cons. Stat. § 3701 ("(1) A person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another; . . . (b) Grading.--Robbery under subsection (a)(1)(iv) and (vi) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree."); 42 Pa. Cons. Stat. § 9756 ("In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law . . . . (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.").

[32] See United States v. Preston, 910 F.2d 81, 83, 89 (3d Cir. 1990) (analyzing the language of 18 U.S.C. § 924 and holding that there was no merit to defendant's argument that his prior convictions were too "stale" to be considered during sentencing).

[33] 466 U.S. 668 (1984).

[34] Id. at 687.

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[35] The second requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial."[36] A court must therefore first consider whether the advice of counsel was "within the range of competence demanded of attorneys in criminal cases."[37] Even if the advice was "deficient," a defendant must show a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[38] "Individual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process."[39] Here, Petitioner challenges his original counsel's effectiveness both with respect to his sentence and with respect to his guilty plea.

1. Sentencing: Failure to Challenge Sentence on Due Process Grounds

The Court has already determined that the sentence imposed does not violate due process, therefore defense counsel's failure to challenge the sentence on those grounds does not render his performance deficient. Petitioner cannot show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," since failure to challenge the sentence on due process grounds was not an error.

---

[35] Id.

[36] Id.

[37] Hill v. Lockhart, 474 U.S. 52, 56 (1985).

[38] Id. at 59.

[39] Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008) (citing Albrecht v. Horn, 471 F.3d 435, 468 (3d Cir. 2006)). In his second objection, Petitioner asserts that the Court must consider cumulative errors made by counsel to determine whether counsel was ineffective. Although Plaintiff is correct that the Court must consider cumulative errors, the record shows that each court that has addressed the ineffective assistance claim has done so.

2. Guilty Plea: Failure to Raise Defense of Justification, Advising Petitioner He Would be Subject to a Racially Opposed Jury if He Went to Trial, Telling Petitioner That his 32-Year-Old Conviction Could Not be Used Against Him

Petitioner has not shown that, but for his counsel's recommendation to plead guilty, Petitioner would not have proceeded to trial. After an evidentiary hearing at which Petitioner testified, the PCRA court held that Petitioner entered into a knowing, intelligent, and voluntary guilty plea. The PCRA court found Petitioner's testimony self-serving and not credible, and dismissed his ineffective assistance claim. Bound by the PCRA Court's credibility determination, the Superior Court affirmed the decision dismissing the claim. This decision was neither contrary to nor an unreasonable application of federal law because Petitioner has failed to establish that he would not have pled guilty absent counsel's errors. Therefore, the Court cannot grant relief based on this claim.

## IV. Conclusion

For the foregoing reasons, the Court finds that the state court decisions regarding Petitioner's due process and ineffective assistance of counsel claims were not contrary to nor an unreasonable application of clearly established law, nor were they unreasonable in light of the facts in this case. Accordingly, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the habeas Petition. Finally, since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.[40] An appropriate Order follows.

[40] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue. A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484 (internal quotation marks omitted).